## Commonwealth v. Baron

*Roy Lisko*, for Commonwealth.
*Robert C. Fogelnest*, for defendant.

BROWN, *J.*, April 3, 1980—

## FACTUAL STATEMENT

While on routine patrol in a marked police cruiser shortly after midnight on September 27, 1979, Sergeant Lewis T. Rusnak, of the State College police department, received a radio call from the dispatcher that a private individual had reported seeing "coke being sniffed to the rear of 113 South Fraser Street." Sergeant Rusnak proceeded to near the area reported and parked the car. He met Corporal Walton, of the State College police, and they travelled to the parking lot behind the Fraser Street address on foot.

Peering around a wall, the officer observed a parked car with its dome light lit. Several persons were in the vehicle. While watching, Sergeant Rusnak observed several cars drive by the car with the dome light on. Each time a car went by, the person sitting behind the driver's wheel would turn his head away from the passing automobile.

A short time later an individual walked up to the two officers and identified himself as the person that had called the police concerning the people in the car. Sergeant Rusnak received permission to accompany that individual to his upstairs apartment to view the car with the dome light on. Sergeant Rusnak could determine by looking out of the apartment window that the car was large, gray and that there were two males in the front seat, a

female in the rear, along with another person who was blocked from the officers' view. As Sergeant Rusnak was watching, the driver poured a light powder on a clipboard. The driver then took what appeared to be a knife or blade of some sort and started to divide the powder into long thin lines. At this time Sergeant Rusnak was between 20 and 25 feet away from the subject car. After the driver finished dividing the powder into thin lines he passed the clipboard to the passenger on his right, who, in turn, passed it, apparently to the female in the rear seat.

Sergeant Rusnak then told Corporal Walton to remain in the apartment and to continue observing the car, while he went downstairs. As he went downstairs, the sergeant contacted another police officer so they could move in simultaneously. At this time Sergeant Rusnak approached the subject car, shined his flashlight inside the car and told the occupants that they were under arrest. The officer seized the clipboard with the powder on it from the female. The sergeant opened a car door and observed a $100 bill on the floor of the car next to the driver's seat. On the seat between the driver and the passenger was an open pocket knife, a short straw, and a plastic baggie. After his arrest, defendant driver was taken to the State College police station and given his Miranda warnings. Defendant was asked if he understood the substance of the Miranda warnings and he answered affirmatively. Defendant then admitted to owning the powder on the clipboard. The powder seized was subsequently determined to be 80 percent cocaine.

Defendant timely filed an omnibus pretrial motion, seeking to suppress (1) the tangible evidence taken at the time of the arrest and (2) the later

statements made by him. The motion also seeks to have the charge of possession with intent to deliver a controlled substance dismissed as de minimis pursuant to the Crimes Code, 18 Pa.C.S.A. §312. Finally, the motion seeks return of the $100 bill seized by the police. (The Commonwealth has agreed to do that.)

• • •

Defendant finally contends that since the amount of cocaine involved was relatively small, i.e., 350 milligrams, the court should reduce the charge of possession with intent to deliver to simple possession. Defendant maintains that the court may do this pursuant to 18 Pa.C.S.A. §312(a).

"312. De minimis infractions.

"(a) General rule.—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant: (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense; (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense."

The court finds defendant's reliance on 18 Pa.C.S.A. §312(a) unpersuasive. In Com. v. Driscoll, 485, Pa. 99, 401 A. 2d 312 (1979), the Pennsylvania Supreme Court held that where amphetamines are involved, the Commonwealth must

prove, as part of its case, that the quantity involved must possess the potential for abuse. However, Justice Manderino, writing for the court, with two justices concurring, noted that the portion of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §780-104(2), dealing with cocaine contains "no reference to quantity nor does the language having a potential for abuse appear." Id., 485 Pa. at 106, 401 A. 2d at 315.

Since cocaine has been classified as being so dangerous that our legislature does not require the Commonwealth to prove any particular amount to sustain a prosecution, the court cannot find that defendant's conduct was within a customary license or consistent with the purpose of the law. Even though the amount was small, 35 P.S. §780-113(a)(1) proscribes delivery of controlled substances. Provision is made within The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §780-113(a)(1), for dealing with possession of a small amount of marihuana for personal use. By accepting defendant's interpretation of the interaction of 18 Pa.C.S.A. §312 and 35 P.S. §780-101 et seq., this court would, by judicial fiat, be legislating small amounts of cocaine into a statutory scheme that provides a lesser classification for small amounts of *marihuana alone.* The court does not believe, in light of the legislature's *express* classification for small amounts of marihuana, that *any violation* involving cocaine can be termed *de minimis.*

## ORDER

Accordingly, April 3, 1980, defendant's omnibus pretrial motion is hereby denied.